IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| JAQUETTA PANNELL | ) |
| | ) Case No. 4:12-cv-00014 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| UNITED STATES OF AMERICA | ) |
| | ) By: Jackson L. Kiser, |
| Defendant. | ) Senior United States District Judge |
| | ) |

On April 26, 2012, Jaquetta Pannell ("Plaintiff") instituted a negligence action against the United States of America ("Defendant") under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), alleging that a United States Postal Service ("USPS") employee ran over her foot while the employee was delivering mail for the USPS. On March 4, 2013, I held a one-day bench trial. The findings of fact and conclusions of law are set forth below.

### FINDINGS OF FACTS[1]

On June 17, 2004, Plaintiff, then nine years old, was on the porch of her grandmother's home in Nathalie, Virginia, when she noticed that an Oldsmobile Cutlass driven by USPS rural carrier Donna Martin ("Ms. Martin") was approaching the home. Plaintiff and her cousin, Janelle Waller ("Ms. Waller"), who was twelve years old at the time, ran across the front lawn of the property toward the mailbox. As the girls were running toward the mailbox, Ms. Martin made eye contact with the girls and waved at them. When the two girls arrived at the mailbox, however, Plaintiff fell on some gravel and slid partially underneath Ms. Martin's vehicle, which

---

[1] Because I find that Ms. Martin was not negligent, as discussed <u>infra</u>, I do not make findings of fact regarding the scope and extent of Plaintiff's injuries.

was stopped momentarily at the mailbox. The evidence shows that Plaintiff fell about one or two feet away from the car, landing on her buttocks with her legs and waist sliding underneath the car. Specifically, Plaintiff fell with her legs extended outward and both feet planted on the ground. Ms. Waller attempted to assist Plaintiff; she grabbed Plaintiff underneath her arms and tried to drag Plaintiff out from underneath the car. Ms. Waller was unsuccessful, however, and Ms. Martin drove off, causing one of the rear tires to run over the top part of Plaintiff's right foot.[2] As Ms. Martin was driving away, Ms. Waller shouted "wait, wait," but Ms. Martin continued to drive down the road. Apparently, Ms. Martin did not hear Ms. Waller's warnings, even though Ms. Martin's window was down.

At trial, Plaintiff's testimony created a factual inconsistency about the exact positioning of the Oldsmobile. Specifically, Plaintiff and Ms. Waller testified that Plaintiff fell on the passenger side of the vehicle. In other words, Plaintiff testified that the car was facing the correct direction on the road, with the passenger side window closest to the mailbox. Some evidence presented at trial, however, contradicts that testimony. First, the evidence shows that Plaintiff and Ms. Waller ran from the front porch of the house between a tree and the mailbox, as shown in Plaintiff's Exhibit 3. (See Pl.'s Ex. 3.) Second, both girls testified that Plaintiff fell toward the rear of the car, and that Plaintiff's foot came into contact with the rear tire only. If the car were positioned as Plaintiff testified, Plaintiff would have slid between the front tire and the hood, as opposed to the rear of the car. Thus, to support Plaintiff's testimony, the car would

---

[2] There was some evidence that Plaintiff actually fell in the yard, and that Plaintiff's foot never came into contact with the car tire. Specifically, Ms. Brenda Shelton, the then-acting Post Master, testified that Ms. Martin told her that Plaintiff had fallen in the yard. Because Ms. Martin did not testify at trial, this evidence is clearly hearsay. See FED. R. EVIDENCE 802. While evidentiary rules are somewhat relaxed in a bench trial, see, e.g., State Farm Mut. Auto Ins. Co. v. Bowles, Civil Action No. 6:09-cv-44, 2011 WL 3563132, *3 n.3 (W.D. Va. Aug. 12, 2011), and Plaintiff did not object to this evidence, I do not find this uncorroborated hearsay evidence persuasive. See Broadcast Music, Inc. v. Xanthas, Inc., 855 F.2d 233, 238 (5th Cir. 1988) ("The district court erred when it admitted this evidence on the ground that hearsay is admissible in a bench trial; it is not.")

have to have been positioned with the driver's side window closest to the mailbox, which would have allowed Plaintiff to fall toward the rear of the vehicle. Because Plaintiff left open this question, however, I cannot make a factual conclusion regarding the direction in which the car was positioned or the place where Plaintiff slid underneath the car.

## CONCLUSIONS OF LAW

This case is governed by the Federal Tort Claims Act ("FTCA"). The FTCA is a partial waiver of the sovereign immunity of the United States, and the FTCA vests federal district courts with exclusive jurisdiction over civil actions: (1) against the United States, (2) for money damages, (3) for injury or loss of property (4) caused by the negligent or wrongful act or omission of any employee of the Government (5) while acting within the scope of his office or employment, (6) under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. See 28 U.S.C. § 1346(b). In an action under the FTCA, courts apply state substantive negligence law. See United States v. Muniz, 374 U.S. 150, 153 (1963) (holding that substantive state law applies in civil actions against the United States under the FTCA).

Under Virginia law, negligence is defined as "the failure to exercise 'that degree of care which an ordinarily prudent person would exercise under the same or similar circumstances to avoid injury to another.'" Gossett v. Jackson, 249 Va. 549, 554, 457 S.E.2d 97, 100 (1995) (citing Griffin v. Shively, 227 Va. 317, 321, 315 S.E.2d 210, 212-13 (1984)). Negligence, however, cannot be presumed from the mere happening of an accident. See Jordan v. Jordan, 220 Va. 160, 162, 257 S.E.2d 761, 761 (1979). Instead, the plaintiff bears the burden to show, by a preponderance of the evidence: (1) a legal obligation of the defendant to the claimant; (2) a commission or omission by the defendant breaching that duty; (3) negligence of the defendant

occasioning the breach; and (4) harm to the claimant as the proximate consequence of the breach. Sides v. Richard Mach. Works, Inc., 406 F.2d 445, 446 (4th Cir. 1969). In other words, "there must be a legal duty, a breach thereof, and a consequent injury which could have been reasonably foreseen by the exercise of reasonable care and prudence." Jordan, 220 Va. at 162, 257 S.E.2d at 761.

Relevant to this case, it is well-settled that a motorist owes a legal duty to use reasonable care and caution to avoid injuring other motorists and/or pedestrians. Specifically, Virginia law places upon drivers the duty to keep a proper lookout. See Burroughs v. Keffer, 272 Va. 162, 168, 630 S.E.2d 297, 300-01 (2006). As explained by the Supreme Court of Virginia, "[t]he duty to keep a proper outlook is not a duty to see; rather, it is a duty to look with reasonable care and to heed what a reasonable lookout would have revealed." Id. The law makes clear, however, that a duty to keep a proper outlook is "not an absolute duty to discover by looking, *unless the thing to be looked for is in such plain view* that looking with reasonable care one was bound to have discovered it." Reams v. Doe, 236 Va. 237, 239, 372 S.E.2d 405, 406-07 (1988) (emphasis added).

Here, Plaintiff has established that Ms. Martin was aware that Plaintiff and Ms. Waller were running toward the mailbox and that Ms. Martin ran over Plaintiff's foot. Plaintiff has not proven, however, the direction in which the vehicle was positioned, or the side of the car under which Plaintiff slid. Because these determinations are critical to establishing whether Ms. Martin would have discovered Plaintiff upon looking, I find that Plaintiff has failed to carry her burden to show that Ms. Martin failed to keep a proper lookout. See, e.g., Farren v. Gilbert, 224 Va. 407, 411-12, 297 S.E.2d 668, 670-72 (1982) (upholding verdict in favor of defendants where Plaintiff failed to show the victim's position in relation to the vehicle); Litchford v. Hancock,

232 Va. 496, 499, 352 S.E.2d 335, 336-37 (1987) ("[A] driver is required to use ordinary care . . . *to see what a reasonable person would have seen*, and to react as a reasonable person would have reacted under the circumstances to avoid a collision" (emphasis added)).  If, for example, Plaintiff fell on the driver's side of the vehicle, Ms. Martin could have easily discovered Plaintiff by looking through her driver's side window.  If, however, Plaintiff fell on the passenger side of the car, as Plaintiff and Ms. Waller testified, Plaintiff would not have been in Ms. Martin's direct line of sight and discoverable with reasonable efforts.[3]  Ultimately, Virginia law makes clear that:

> Negligence cannot be presumed from the mere happening of an accident. The burden is on the plaintiff to produce evidence of preponderating weight from which the trier of fact can find that the defendant was guilty of negligence which was a proximate cause of the accident. The evidence must prove more than a probability of negligence. The plaintiff must show why and how the accident happened. And if the cause of the accident is left to conjecture, guess, or random judgment, the plaintiff cannot recover.

Farren, 224 Va. at 411, 297 S.E.2d at 670 (quoting Sneed v. Sneed, 219 Va. 15, 17, 244 S.E.2d 754, 755 (1978).  Because Plaintiff failed to establish a coherent recitation of the accident, any findings in favor of Plaintiff would be the result of "conjecture, guess, or random judgment." Id. 224 Va. at 411, 297 S.E.2d at 670.  Accordingly, I find that Plaintiff has failed to carry her burden to show that Defendant's employee was negligent.

## CONCLUSION

For the foregoing reasons, I find that Plaintiff has failed to prove by a preponderance of evidence that Defendant's employee was negligent.  Accordingly, I find in favor of the Defendant.  All other pending motions in this case are hereby **DENIED AS MOOT.**

---

[3] While the driver's duty and liability to adults and children are measured by different standards, see, e.g., Vought v. Jones, 205 Va. 719, 725, 139 S.E.2d 810, 815 (1965), the presence of children does not alleviate the plaintiff's burden to show that the children were in a discoverable location.

The clerk is directed to send a copy of the Memorandum Opinion and accompanying Order to all counsel of record, and remove this case from the active docket.

Entered this 4th day of April, 2013.

s/Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE
